Argued June 5, affirmed September 10, petition for
rehearing denied October 14, 1969

LEMONS, *Respondent, v.* PURTZER ET AL,
*Appellants.*
458 P2d 672

*John S. Horton,* Albany, argued the cause for appellants. With him on the briefs were Weatherford, Thompson, Horton & Jordan, Albany.

*Merle A. Long*, Albany, argued the cause for respondent. With him on the brief were Long, Bodtker & Young, Albany.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE, and HOLMAN, Justices.

## SLOAN, J.

Defendant Warren J. Purtzer appeals from a jury verdict and judgment, including punitive damages, awarded plaintiff for defendant's alleged wrongful attachment of plaintiff's bank account. For several years before the event in issue, plaintiff had been an employee of defendant in the tire business. Shortly before the attachment, plaintiff severed his employment relationship with defendant and ventured into his own tire business. He bought tires, on a wholesale basis from defendant. Plaintiff claimed that defendant agreed to permit payment of the tires within 90 days. Defendant testified that the account required payment in 30 days.

Ill will was engendered between the two men soon after plaintiff started his own business. Defendant, it is charged, was angry at plaintiff for the avowed reason that plaintiff was getting business from customers of defendant.

Before the expiration of 90 days from the date of the first purchase of tires, defendant made demand on plaintiff for immediate payment of his entire account. This was refused. Defendant then filed an action against plaintiff and attached the latter's bank account. Defendant's action against plaintiff was terminated by payment in full of the amount due defendant. This action followed.

Plaintiff brought the action as the sole proprietor of the business. When plaintiff testified he stated that his wife was a signator on the "joint account" with him that had been attached. He also testified that he had a "silent partner." Following this testimony, defendant moved to dismiss the case on the basis that plaintiff's wife and the so-called silent partner had an interest in the case. Defendant's reply brief states the issue on appeal as follows:

> "The key to defendant's appeal under assignments of error 1 and 2 lies in the answers to whether or not the plaintiff's testimony relating to the joint bank account and to the silent partnership constitute judicial admissions that are binding on plaintiff. If either or both of the statements are binding judicial admissions, defendant contends this case should be reversed."

■ Assuming the law to be as defendant suggests, neither of the statements made by plaintiff as a witness could be classified as judicial admissions. The meaning and effect of a joint bank account in particular (see *Greenwood v. Beeson*, 1969, 453 Or 318, 454 P2d 633) as well as what may have been meant by the words "silent partner" are so uncertain that it would be impossible to say the plaintiff was making a statement of anything more than expressing an opinion. It was not a truly factual statement. *Valdin v. Holteen and Nordstrom*, 1953, 199 Or 134, 145, 260 P2d 504.

■ Two other assignments concern the failure of the court to grant motions for an involuntary nonsuit and for a directed verdict. What has already been said discloses that there was conflicting evidence that required jury resolution.

■ Another assignment complains of submitting the

issue of punitive damages to the jury. This issue was not presented to the trial court and will not be considered here. *State v. Holman,* 1968, 251 Or 416, 446 P2d 117.

Affirmed.